Coxe, District Judge.
This action is based upon two letters patent, granted to Isaac W. Heysinger and by him assigned to the complainant. The first, No. 226,402, is dated April 13, 1880, and is for a device for filing and binding papers. The second, No. 274,941, is dated April 3, 1883, and is for a machine for inserting and clinching staples. Both patents relate to tools for fastening papers together, which are adapted for use upon the desks of lawyers and conveyancers. The defenses are the usual ones—lack of novelty and invention, aggregation and noninfringement. It is freely admitted by the complainant that the patentee was compelled, by reason of the prior art, to move within exceedingly narrow limits. Tools very similar to his, operating in substantially the same manner and producing the same result, were in use at the date of his patents. The complainant’s brief, after considering pre-existing structures, contains the following:
*817 “Therefore, the Heysinger tool, broadly considered, is not new, the improvements being of the specific character described in the specification and pointed out by the claims, whereby certain minor advantages or conveniences are secured which are absent in previous tools of that general class.”
By this frank admission, which is but a fair statement of the situation as established by the proof, the consideration of the patents is limited to small matters of detail which it is said cheapen the patented tool and make it more convenient for handling.
It is very clear that the claims of the patent of 1880 must be narrowly construed if they are to be sustained at all. The first claim covers a paper-filing clip with a guide slot for the staple driver and a recessed clinching anvil beneath the slot. The clip is composed of a clamping arm and a base, the former being provided with a heel, which holds the clamping arm locked when open. The specification also describes a pin on the base plate for holding the papers, but its use is made optional. It is not an essential ingredient of the claim. The heel, however, cannot fairly be omitted from the claim. It is a part, and an important part, of the clamping arm, expressly made so by the drawings and description. Without the heel the clip will not operate in the manner designated. Moreover, in order to remove all misunderstanding, the patent of 1883 limits the patent of 1880 to a spring clip having a heel for holding the arm, when open, in a locked position, from which position it is released by pressure on the slotted end, which then falls with a snap upon the papers and drives them down upon the pin before referred to. Conceding that the prior art permits a broad construction, the court would hardly be justified in omitting a part which the patentee has taken such pains to describe as an indispensable element of the claim. The defendant does not use the heel.
The second claim is for a detachable staple driver and the third claim is for a combination of the clip of the first claim and the staple driver of the second. Here, too, the claims must be limited strictly to the structures shown and described. So limited, the defendant does not infringe. The defendant’s staple driver is made in substantial conformity to the tool patented to William J. Brown in 1879. At least, it is much nearer the Brown device than the Heysinger device. It is unnecessary to refer in detail to the many differences between defendant’s device and the device of the second claim. They are not radical, and relate to minor matters of construction, but they are amply sufficient to.differentiate the two in an art already crowded to repletion. Of course, if the first and second claims are not infringed, the third cannot be.
Regarding the patent of 1883 but little need be said. The first, third and seventh claims are pointed out in the complainant’s brief as embodying the substantial features of the patented improvements. I cannot think that these claims cover patentable structures or combinations. As already noted, the field of invention, even in 1880, was a limited one. In 1883 it was still further circumscribed. Heysinger and others had, in the mean time,- crowded in and left very little space *818 in which the inventor could operate. After the patent of 1880 there was no room for the patent of 1883. It deals with improvements which are only such changes of form as would suggest themselves to ordinary workmen. For instance, ring staples, four-prong staples and other staples, varying in form, were very old. It was obvious that many of these could not be driven through the oblong slot and clinched on the anvil of the 1880 patent. It would naturally occur to a mechanic who had been accustomed to drive round bolts through round holes to make the hole square if he were given a square bolt to drive. So one familiar with the process of driving staples through paper would see at once the impossibility of making a cruciform fastening through an oblong slot. If he wished the staples to cross at right angles he would naturally make a cross-shaped slot and clinching base. If he wished to use a staple with a suspending ring he would at once see the necessity of making room for the ring to pass. Such changes seem so perfectly obvious that he who made them would require no assistance from the prior art. If, however, he needed advice, he had only to turn to the Magill and other patents to find the information ready at his hand. Conceding that the patent in hand shows improvements over the patent of 1880, they are not improvements which the law recognizes as patentable; they may be more convenient, but they perform no new function and produce no new result. The bill is dismissed, with costs.